LOWARY, Respondent, v. LOWARY, Appellant.

(177 N. W. 1011.)

(File No. 4648.   Opinion filed May 24, 1920).

1.  **Damages—Conversion of Tenant's Grain, Market Value, or Value Less Harvesting, Marketing Expenses—Statutory Rule—Malice, Mistake Distinguished—Time of Conversion Defined.**

Plaintiff, tenant, sued for conversion of his one-half interest in grain grown upon leased land; evidence showing that lessor prevented his cutting and harvesting the grain, and threatened to kill plaintiff if he persisted, himself having harvested and marketed same, receiving a specified sum as the

market value of the one-half interest. **Held,** that trial court's instruction that if jury found for plaintiff, verdict should be for said amount, no more, no less, is correct; and defendant's contention that he was entitled to deduct his expense of harvesting, threshing and hauling to market, is untenable; since while under the general rule prescribed in Sec. 1987, Code 1919, where wrongdoer acts through inadvertence, mistake or honest belief in his legal rights, he is entitled to such deduction, yet, where he acts maliciously and intentionally, rightful owner is entitled to treat the time when the property is finally converted to trespasser's use as the time of conversion.

**2. Damages—Reckless, Wilful, Intentional, Taking of Property Without Right, Enhanced Value as Measure of Damages— Taking Through Inadvertence, Honest Belief, Value as Measure of Value.**

The measure of damages for reckless, wilful, or intentional taking of property from land of another without right is the enhanced value when finally converted to trespasses's use, while the limit of liability against one who takes it without right through inadvertence or mistake, or in honest belief that he is acting within legal rights, is its value in its original condition before being appropriated.

Appeal from Circuit Court, Brown County. HON. FRANK ANDERSON, Judge.

Action by George Lowary, against Frank Lowary, to recover damages for conversion of grain. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Van Slyke & Bartlett,* for Appellant.

*Ezra L. Baker,* and *George H. Fletcher,* for Respondent.

(1) To point one of the opinion, Appellant cited: Davis v. Tubbs, 7 S. D., 488; Bower v. Graves, 8 S. D. 385; McClure v. Thorp (Mich.), 35 N. W. 829; Whitney v. Huntington (Minn.), 33 N. W. 563; Bolles Woodenware Company v. United States, 106 U. S. 432, 27 L. Ed. 230.

Respondent cited: Foley v. Southwestern Land Co, 68 N. W. 994; Trustees of Dartmouth College v. International Paper Co., 132 Federal, 92; Fobes v. Shattuck, 22 Barber 568.

GATES, J. Action for conversion of grain. Judgment for plaintiff. New trial denied. Defendant appeals.

The evidence on behalf of respondent tended to show that

as tenant he was entitled to one- half of the grain grown upon a certain quarter section of land; that respondent came to the land to cut the grain, but that appellant, respondent's brother, prevented him from so doing, and threatened to kill respondent if he persisted; that appellant harvested and marketed the grain; that he received for such one-half interest its market value, the sum of $2,361.15. The trial court instructed the jury that if it found for respondent, the amount of the verdict should be the above-named sum, no more, no less.

[1, 2] Appellant's chief argument concerns the correctness of this instruction. He claims that the measure of respondent's damage was the value of the standing grain, and that he should be permitted to deduct his expense of harvesting, threshing, and hauling to market. Such is the general rule under section 1987, Rev. Code 1919, where the wrongdoer acts through inadvertence, mistake, or honest belief in his legal rights; but, where the wrongdoer acts maliciously and intentionally, the rightful owner is entitled to treat the time when the property is finally converted to the use of the trespasser as the time of conversion. In United States v. Homestake Min. Co. 54 C. C. A. 303, 117 Fed. 481, an appeal from the federal Circuit Court of this district, the court said:

"The measure of damages for the reckless, willful, or intentional taking of ore or timber from the land of another without right is the enhanced value of the ore or timber when it is finally converted to the use of the trespasser. But the limit of the liability for damages of one who takes ore or timber from the land of another without right through inadvertence or mistake, or in the honest belief that he is acting within his legal rights, is the value of the ore in the mine or the value of the timber in the trees."

The same principle is involved in the present case. See, also, note 24 Am. Dec. 73. The other questions argued are not deemed of importance.

Judgment and order appealed from are affirmed.